UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Bobby Shane Charlton,

        Plaintiff,           2:16-cv-00901-MC

        v.                     ORDER

F. Yepez, et al.,

        Defendants.

McShane, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment excessive force claims arising out of an incident on December 23, 2014. Plaintiff further alleges that he was not provided with adequate medical treatment for injuries he allegedly sustained in the altercation and has been denied proper treatment for his mental illness.

    Defendants now move for partial dismissal of plaintiff's complaint (#12) as follows:

1 - ORDER

1.)   Defendants move to dismiss plaintiff's state law claims as barred by the Eleventh Amendment.

Plaintiff responds that his allegations referencing the Oregon Constitution and Oregon tort law are intended as "evidence supporting" his Constitutional claims and are not separate causes of action.

I construed plaintiff's response as a concession of defendants argument and the motion to dismiss those allegations is allowed.

2.)   Defendants move to dismiss plaintiff's Eighth Amendment claims arising out of his general mental health treatment and IMU housing placement on the ground that plaintiff has not alleged those claims against any specific defendant.

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). <u>Polk v. Montgomery County</u>, 548 F. Supp. 613, 614 (D.Md. 1982). <u>See also</u>, <u>Morabito v. Blum</u>, 528 F.Supp. 252, 262 (S.D. N.Y. 1981).

In <u>Bell Alantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court held that the Fed. R. Civ. P.

2 - ORDER

Rule 8 pleading standard does not require "detailed factual allegations," but it demands more than ane unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s] devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009);see also, Henry A. V. Wilden, 678 F.3d 991, 1004 (9th Cir. 2012) (a plaintiff's "allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient underlying facts to give fair notice and to enable the opposing party to defend itself effectively").

Plaintiff does not attribute the violations of his Eighth Amendment rights to any specific individual's actions. As explained above general allegations or a "formulaic recitation of the elements of a cause of action" is insufficient to state a claim. Therefore, defendants' motion to dismiss plaintiff's claims arising out of plaintiff's general mental health treatment and IMU placement is allowed.

3.   Defendants move to dismiss plaintiff's Fourteenth Amendment due process claim because that claim is not alleged

3 - ORDER

against any specific defendant.

For the reasons set forth above discussing plaintiff's Eighth Amendment medical claims, defendants motion to dismiss plaintiff's due process claims is allowed.

4. Defendants move to dismiss plaintiff's claims as to defendant Davis on the ground that plaintiff has not alleged how defendant Davis caused him harm.

Plaintiff responds that his failure to allege facts that support a claim against defendant Davis "reflects an inadvertent omission."

In any event the complaint does not allege any facts regarding defendant Davis or indicate how his conduct violated plaintiff's rights. Therefore, the complaint fails state a claim against defendant Davis and defendants' motion to dismiss plaintiff's claims against Davis is allowed.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge

4 - ORDER

v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

In view of the liberal construction of pro se pleading and to afford plaintiff the benefit of any doubt, I find that it is appropriate to allow plaintiff the opportunity to cure the pleading deficiencies of the complaint in this case.

Based on all of the foregoing, Defendants' Motion for partial dismissal (#12) is allowed. Plaintiff is allowed 30 days from the date of this order to file an amended complaint that complies with the pleading requirements explained in this order. Plaintiff is advised that if he fails to file an amended complaint the dismissal of the claims discussed above will be considered to have been dismissed with prejudice.

DATED this 29 day of December, 2016.

_____
Michael McShane
United States District Judge

5 - ORDER